## GEORGIA WAREHOUSE COMPANY *v.* JOLLEY *et al.*

No. 7735. February 12, 1931.

*B. F. Neal,* for plaintiff.

*R. L. Greer* and *John M. Greer,* for defendants.

Russell, C. J. In 1926 in Macon County, Georgia, an election was held for the purpose of exempting from taxation certain

industries, as provided under the Code Supp., § 6554(a) (Acts Ex. Sess. 1923, p. 67). This election was carried favorably to the exemption of these enterprises. After said election the plaintiff erected a modern ginnery in said county, operating the same and charging for the ginning of cotton. The sheriff levied a tax execution for the year 1928 against said property; and the plaintiff brought a petition to enjoin the sheriff from advertising the property, and the tax-collector from issuing a fi. fa. for 1929 taxes. The defendants admitted all the allegations of the petition, except that a cotton ginnery comes under the provisions of the abovementioned act; and by general demurrer they set up that the petition showed the property not to be exempt under any tax-exemption provision. The judge denied an injunction, holding that the cotton ginnery was not an exempted industry. To this judgment the plaintiff excepted. It was agreed by counsel for plaintiff and defendants, that Macon County voted favorably in an election properly called and held for the purposes set out in the act of 1925, supra: that there had been no repeal or election therefor; that said county is now operating under provisions of the Code Supp., § 6554(a), and all that class of industries or persons stated therein are exempt from taxes in said county; that the plaintiff owns and operates a cotton ginnery, gins for the public, and charges therefor; that the ginnery is the usual modern well-equipped ginnery to be found in this State and throughout the cotton belt, and the nature of the work done by it is the separation of the seed from lint cotton and packing of the latter in merchantable bales suitable for market; that the sole question to be determined is whether such an industry or plant or business comes under the provisions of the above-mentioned statute and is exempt from taxation; and that as to time and place and ownership and residence the plaintiff is within the scope of said statute.

In 1923 the General Assembly submitted to the qualified voters of the State an amendment to article 7, section 2, paragraph 2, of the constitution of Georgia, providing for the exemption of certain new manufactories or the enlargement of existing manufactories, for a period of five years. This amendment was adopted by the people in the general election of 1924. § 6554(a). In pursuance of this amendment the General Assembly passed the act of 1925, supra, prescribing the regulations under which elections should be held

in counties or other political subdivisions to determine locally whether in such counties or municipalities the manufactories referred to in the amendment adopted in 1924 should be exempted from taxation; and it is agreed in this case that the voters of Macon County, under the provisions of the act of 1925 have declared their wish that the exemption provided in the constitutional amendment shall be of force in that subdivision of the State.

It is the usual rule of construction that the meaning of each word is to be considered in the light of its associates, as stated in the old Latin maxim judicis est sociis. Plainly, the purpose of the constitutional amendment was to encourage manufacturing in the State. To exempt an infant industry from taxation for a period of five years under the provisions of the act of 1923, ratified by the people in 1924, naturally presented an inducement to the people to go into manufacturing. Also the enlargement of existing manufactories would have the same effect. Considering the meaning of the word "manufacturing" in connection with our consideration of the meaning of processing, it must be plain that the word "processing" has reference only to some stage or process of manufacturing. The generic meaning of the word "cotton" as related to manufacturing, has relation only to cotton as a marketable product in the marts of commerce. The term "cotton" is universally recognized as referring to something which can be manufactured so as to be of use to civilized man. So we are of the opinion the word "processing" means a process in manufacturing cotton after it has been put in a marketable form by ginning, which is merely the separation of the cotton from its seed, and seed-cotton is not referred to in the constitutional amendment. For this reason we think the trial judge correctly refused to enjoin the tax-collector from proceeding to levy and collect the tax fi. fa., issued for the purpose of collecting the taxes upon this ginnery, which had not been exempted from taxation. The only question raised is as to whether the separation of the cotton from its seed is exempted from taxation under the provisions of the act of 1925, supra, which provides for the enforcement of the act of 1923 adopted by the people in 1924.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent for providential cause.*