Weygandt, C. J.
 

 Section 5546-1, General Code, reads in part as follows:
 

 
 *632
 
 “ ‘Retail sale’ and ‘sales at retail’ include all sales excepting those in which the pux-pose of the consumer is * * * to use or consume the thing transferred directly in the production of tangible personal property for sale by * * * processing * *
 

 Section 5546-25, General Code, contains the following provisions:
 

 “ ‘Use’ means and includes the exercise of any right or power incidental to the ownership of the thing used, excepting as hereinafter provided.
 

 “When the purpose of the consumer is * * * to use or consume the thing transferred directly in the production of tangible personal property for sale by * * * processing * *
 

 The appellant contends that the sale and use of its property is exempt from taxation for the reason that it is used “directly in the production of tangible personal property for sale by * * * processing.”
 

 The appellant’s counsel supplied the following statement of facts upon which the Board of Tax Appeals based its decision:
 

 “First, I would like.to state the nature of the fishing process. First, nets are set in the lake either from scows
 
 or
 
 setting boats. After these nets are set, and I am talking primarily about trap nets although the procedure is primarily the same for gill nets, the nets are lifted by what are known as trap net boats. These are open boats about thirty-eight feet long with a pulling apparatus at the stern. The nets are pulled over this pulling apparatus by a power winch. The net is then pulled over the side of the boat and the fish removed from the lifting car by means of dip nets.
 

 “The fish are placed on a sorting board from which the various species are sorted into boxes on the floor of the boat. The net is then pushed over the side of
 
 *633
 
 the boat and allowed to sink. The fish are then taken ashore where they are repacked for shipment.
 

 “Trap net is made from -various sized webbing seamed to manilla rope. The net is weighted down by iron sinkers weighing about one and one-quarter pounds and is buoyed up by galvanized floats approximately ten inches long with a three-inch diameter. After the net is constructed, it is treated with a net preservative ; for example, copper oleate. When dry, it is tarred by placing it in a tar vat and allowing a mixture of hot tar and E-oil to penetrate it.
 

 “The nets are then transported by trucks on which power wheels have been placed with which to pull the nets on and off the trucks to the fields for drying. They are transported in the same way from fields to the boats for setting.
 

 “The items of this audit and the other audits are those which are used in the actual catching of the fish in the lake, such as nets, anchors, anchor lines, etc., and all accessory items used in the actual catching of the fish. All contested items of this audit and the other audits before this board are items used in the catching of fish in the lake.”
 

 Under these circumstances can it be held that the appellant’s property is used in “processing”? In the opinion in the case of
 
 France Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 455, 55 N. E. (2d), 652, it was said:
 

 “The word ‘process’ is defined as ‘a mode of treatment of certain materials to produce a given result. It is an act, or a species of acts, performed upon the subject matter to be transformed and reduced to a different state or thing.’
 
 Cochrane
 
 v.
 
 Deener,
 
 94 U. S., 780, 788, 24 L. Ed., 139.
 

 “The word ‘processing’ is defined as meaning ‘ “to
 
 *634
 
 subject to some special process or treatment. To subject (esp. raw material) to a process of manufacture, development, preparation for the market.” ’
 
 Kennedy
 
 v.
 
 Bd. of Assessment and Review,
 
 224 Iowa, 405, 407, 276 N. W., 205.”
 

 In the ease of
 
 Moore et al., Tax Comm.,
 
 v.
 
 Farmers Mutual Mfg. & Ginning Co.,
 
 51 Ariz., 378, 77 P. (2d), 209, appears the following definition:
 

 “The word ‘process’ means to subject, especially raw material, to a process of manufacturing, development, preparation for the market, etc., and to convert into marketable form, as livestock by slaughtering, grain by milling, cotton by spinning, milk by pasteurizing, fruits and vegetables by sorting and repacking. ’ ’
 

 The following statement appears, in the case of
 
 Georgia Warehouse Co.
 
 v.
 
 Jolley,
 
 172 Ga., 172, 157 S. E., 276:
 

 “The words used in the constitutional amendment are the ‘manufacture or processing of cotton,’ e'tc. The meaning of the word ‘processing’ must be construed in connection with its associate word ‘manufacture.’ It refers to the different processes through which cotton becomes manufactured. ‘Processing,’ considered with the context and the plain meaning of its associate word ‘manufacture,’ must mean more than mere preparation for manufacture, and indicates the subjection of the cotton to some process in manufacturing subsequent to the mere separation of the cotton referred to in the amendment from its seed.”
 

 In the Oxford English Dictionary the transitive verb “process” is defined as follows: •
 

 “To subject to or treat by a special process * * *; * * # to prepare by an artificial or special process; to preserve fruit, fish, flesh, etc., by some process.”
 

 The appellant concedes that the principal use of its property is for the purpose of
 
 catching
 
 fish. However,
 
 *635
 
 the contention is made that each net is so constructed of mesh of graduated sizes as to permit small, unmarketable fish to escape while the net is still in the water. Thus it is insisted that
 
 sorting,
 
 as well as catching, is in progress during the entire period the net is submerged, and that this combination constitutes “processing” within the purview of the two statutes. The first difficulty with this theory is that the limited sorting is a relatively minor use merely incidental to the chief purpose of catching. And, secondly, the limited sorting itself falls far short of attaining the category of “processing.” None of the appellant’s personalty here involved is used directly for the necessary process of cleaning, scaling or otherwise preparing fish for sale.
 

 The decision of the Board of Tax Appeals affirming the assessment by the Tax Commissioner is neither unreasonable nor unlawful and hence must be affirmed.
 

 Decision affirmed.
 

 Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.