Stewart, J.
 

 The sole question presented in the present case is whether, under the facts hereinbefore
 
 *481
 
 stated, the decision of the board in holding that the vendor is required to prepay and collect sales taxes only in the amounts shown on his invoices to his customers and not as measured by the entire amount of such invoices where such- invoices do not separately state the amount charged for the sale of tangible personal property and for the labor.
 

 The pertinent statutes involved in this controversy are Sections 5546-1 and 5546-2, General Code.
 

 Section 5546-1 reads in part:
 

 “ ‘Price’ means the aggregate value in money of any thing or things paid or delivered, or promised to be paid or delivered by a consumer to a vendor in the consummation and complete perfoiunance of a retail sale without any deduction therefrom on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid, or allowed after the sale is consummated, or any other expense whatsoever. ‘Price’ shall not include the consideration received for labor or services used in installing, applying, remodeling or repairing the property sold if the consideration for such services is separately stated from the consideration received for the tangible personal property transferred in the retail sale. ‘Price’ shall be deemed to be the amount received exclusive of the tax hereby imposed provided the vendor shall establish to the satisfaction of the Tax Commissioner that the tax was added to the price.”
 

 Section 5546-2, General Code, as it was in force in 1943 (117 Ohio Laws, 761), provided among other things for the levy of an excise tax on each retail sale made in this state of tangible personal property, of one cent if the price was 40 cents or less; two cents if the price was more than 40 cents and not more than 70 cents; and three cents if the price was more than 70
 
 *482
 
 cents and not more than one dollar. If the price was in excess of one dollar, the tax was three cents on each full dollar, and if the price was not an even number of dollars, then, in addition to the amount on each full dollar, one cent if the price exceeded an even number of dollars by more than eight cents but not more than 40 cents; two cents if such excess was more than 40 cents and not more than 70 cents; and three cents if the excess was over 70 cents. Such section likewise provided that it should be presumed that all sales made ,in Ohio were subject to the tax levied, until the contrary was established.
 

 Section 1464-3. General Code, provides for the adopting and promulgating of rules by the commissioner, and rule 73 of the commissioner, as amended, reads:
 

 “Repairmen are making sales of all tangible persona] property which is transferred by them to their customers in connection with regular repair work.
 

 “Where the charges for material and labor or service are not separately stated, the tax base for the application of the tax is the full amount charged with no deductions.
 

 “Where the charges for material and labor or service are separately stated, the tax shall be computed on the charge for material and no tax shall apply on the charge for labor and service.
 

 “This rule is applicable to all repairmen, including * * * tire retreaders, as well as those engaged in recapping tires * * V’
 

 Section 5546-9a, General Code, provides that in case any vendor fails to collect the tax imposed by Section 5546-2 he shall be personally liable for the amount he failed to collect or for an amount of prepaid tax receipts which he failed to cancel.
 

 The commissioner has the power to make an assess
 
 *483
 
 ment against any vendor, based on any information which shall come into the commissioner’s possession, for any taxes which the vendor failed to collect or for which he failed to cancel prepaid tax receipts, and any such assessment carries with it a penalty of 15 per cent.
 

 Under the law it is obvious that where the vendor recaps a customer’s tire, which includes a sale to the customer of the material put on the tire, the vendor is liable for the collection of a sales tax based on the full amount he collects from his customer unless he bills the customer separately for material furnished and for labor or service performed. In this latter event the vendor is liable for the collection of the sales tax only for the material furnished.
 

 The commissioner took the position that the invoices of the vendor, a sample of which appears in the statement of facts herein, show no separation of the items of material furnished from labor or service performed. The board held that the item “tax on mat. .12” in the invoice showed a separation of $4 for material from $5.50 for labor, since 12 cents would be the tax on a four-dollar sale, and that, therefore, the invoice of the vendor did show a separation of labor or service from material furnished and, since the tax had been paid on the sale of material furnished, the vendor owed the state nothing.
 

 We are of the opinion that the view taken by the commissioner is the correct one. The tax imposed is based on the entire amount of the invoice. There is no tax for labor or service if the vendor separates the items of labor or service from material furnished.
 

 There must be a clear compliance with the provision for the separation of the items of labor or service from the items of material furnished if the exception pro
 
 *484
 
 vided in such a case is to be enjoyed. From an examination of the ■ sample invoice, there is no such separation.
 

 It is true that 12 cents would be the proper tax on a four-dollar sale, but it would likewise be a proper tax on a sale in an amount of $3.71 or $4.08, or any sum between those figures. Aside from the 12 cents put in the invoice, there is no possible way in which one can even guess as to what part of the amount therein represents material or what part represents labor or service.
 

 In the case of
 
 Rice
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 483, 59 N. E. (2d), 927, this court held that one practicing optometry is liable to an assessment of three per cent of the receipts from retail sales, where he examines and measures the eyes of his patients and furnishes them complete eyeglasses or lenses, for a consideration without fixing a separate price for such optical accessories.
 

 It is true that in the
 
 Bice case
 
 the one assessed charged a price for material furnished and his services without a separation and collected or paid no taxes at all on the theory that the services rendered were paramount and the material furnished merely incidental and inconsequential. But this court upheld the assessment of the full tax and held that the furnishing of the eyeglasses, even though there was connected with such furnishing the services of the optometrist, constituted a sale under the definition of Section 5546-1, General Code, that “ ‘sale’ and ‘selling’ include all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is granted, for a consideration in any manner, whether absolutely or conditionally,
 
 *485
 
 •whether for a price or rental, in money or by exchange •or barter, and by any means whatsoever * *
 

 We do not mean to hold that there must be any particular or scientific method of bookkeeping or invoicing do show a separation of material from labor or service performed, in order for a transaction to be exempt from the sales tax so far as the labor or service is concerned, but we hold that the separation must be such as to clearly show in the invoice or charge what the sale price is for the material and what the charge is for labor or service.
 

 The decision of the Board of Tax Appeals is reversed and the order of the Tax Commissioner .affirmed.
 

 Decision reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, "Turnee and Taut, JJ., concur.