Zimmerman, J.
This is an appeal to this court under Section 5611-2, General Code, from a decision of the Board of Tax Appeals, entered October 11, 1951, affirming an order of the Tax Commissioner refusing a refund of taxes, theretofore paid by appellant, National Tube Company of Lorain, Ohio, on the purchase or use of certain machinery and equipment employed by it in its business of manufacturing various types of steel pipe and tubular products, which purchase and use the company maintained were not subject to such taxes.
The ultimate question to be answered by this court is whether on the record such decision by the board is unreasonable or unlawful.
In presenting its cause, appellant relies on those parts of Sections 5546-1 and 5546-25, General Code, which, respectively, except from taxation the sale or use of tangible personal property used or consumed “directly in the production of tangible personal property for sale by manufacturing, processing,, refining,” etc.
The refund of the taxes is sought under Section 5546-8, General Code.
The machinery and equipment involved consist of two Hulett ore unloaders, with parts therefor, and an ore bridge. The unloaders' are specially designed *409 pieces of heavy machinery which are utilized in unloading iron ore and limestone from the holds of docked ships arriving over Lake Erie. These machines move along the length of the docks and are equipped with buckets which can be mechanically raised and lowered. The buckets scoop the material out of the bowels of a ship, place it on a conveyor apparatus contained in the unloader, and from there the material is deposited in a concrete ore trough which extends along almost the entire length of the docks.
The ore bridge, also equipped with buckets, removes the ore from the ore troughs and then proceeds to scatter it over an area called the storage yard. It is claimed that this scattering is done in such a way as to blend the ore preparatory to its introduction into blast furnaces. Also the ore bridge picks up from the storage pile the ore desired and loads it into cars called “ore jimmies.” These cars then transport the ore to a central point known as the stockhouse from whence it is taken by a skip hoist to the blast furnaces.
It stands to reason that a determination in cases of this kind depends very largely on the peculiar facts of the particular case, and it is difficult, if not impossible, to formulate general rules which may be applied in other cases. Needless to say, some of the cases present close questions on the facts.
In approaching the problem, it must be borne in mind that under Sections 5546-2 and 5546-26, General Code, the presumption prevails that every sale or use of tangible personal property in this .state is taxable. Moreover, laws relating to exemption from taxation are to be strictly construed, and one claiming exemption must affirmatively establish his right thereto. State, ex rel. Foster, v. Evatt, Tax Commr., 144 Ohio St., 65, 56 N. E. (2d), 265, and Cleveland-Cliffs Iron Co. v. Glander, Tax Commr., 145 Ohio St., 423, 62 N. E. (2d), 94.
*410 Likewise, it must be remembered that both Sections 5546-1 and 5546-25, General Code, relating to the sales and use tax, respectively, as they apply to the instant case, expressly require that tangible personal property to have its sale or use excepted from taxation must be used directly in the production of tangible personal property for sale by manufacturing, processing, refining, etc.
Now, what do the terms, “manufacturing” and “processing,” mean? According to well considered definitions they imply essentially a transformation or conversion of material or things into a different state or form from that in which they originally existed — the actual operation incident to changing them into marketable products. Examples given are the slaughtering of livestock, the milling of grain and the spinning of cotton. See Schumacher Stone Co. v. Tax Commission, 134 Ohio St., 529, 534, 18 N. E. (2d), 405, 407, 120 A. L. R., 1199; Huron Fish Co. v. Glander, Tax Commr., 146 Ohio St., 631, 67 N. E. (2d), 546; Corn Products Refining Co. v. Federal Trade Commission (C. C. A. 7), 144 P. (2d), 211, 219; Moore et al., State Tax Commission, v. Farmers Mutual Mfg. & Ginning Co., 51 Ariz., 378, 382, 77 P. (2d), 209, 211; and Colbert Mill & Feed Co. v. Oklahoma Tax Commission, 188 Okla., 366, 368, 109 P. (2d), 504, 506.
The next logical inquiry is, In precisely what manner are the Hulett ore unloaders and the ore bridge employed? The first are used solely in unloading from the holds of ships iron ore or limestone in substantially the same form in which it comes from the mines oi quarries, and the second in removing iron ore from where the unloaders deposited it, distributing it over the storage yard and later loading it into the “ore jimmies” for transportation to the stockhouse. Through these initial movements, no apparent change *411 takes place in the original materials, and by the described operations no acntal manufacturing or processing of the materials into finished form ready for sale begins. The situation differs widely from that disclosed in the case of France Co. v. Evatt, Tax Commr., 143 Ohio St., 455, 55 N. E. (2d), 652. Compare Schumacher Stone Co. v. Tax Commission, supra (134 Ohio St., 529, 18 N. E. [2d], 405, 120 A. L. R., 1199), and Cleveland-Cliffs Iron Co. v. Glander, Tax Commr., supra (145 Ohio St., 423, 62 N. E. [2d], 294).
Under the facts developed, we come to the conclusion that the Board of Tax Appeals was justified in finding that the Hulett ore unloaders and the ore bridge are employed in operations preliminary and preparatory to manufacturing or processing, and are not used or consumed directly in producing tangible personal property for sale by manufacturing or processing within the contemplation of the applicable statutes, and hence their purchase or use was not excepted from taxation. Lending support to such finding is the case of Tri-State Asphalt Corp. v. Glander, Tax Commr., 152 Ohio St., 497, 90 N. E. (2d), 366. True, in the case of Mead Corp. v. Glander, Tax Commr., 153 Ohio St., 539, 93 N. E. (2d), 19, this court did hold that the sale or use of certain transportation devices, cranes and other tools was excepted from taxation, but as specifically pointed out in the later case of Jackson Iron & Steel Co. v. Glander, Tax Commr., 154 Ohio St., 369, 372, 96 N. E. (2d), 21, 23, those devices were necessary adjuncts in carrying on and continuing manufacturing and processing to complete a product, after such activities had commenced. Compare Dye Coal Co. v. Evatt, Tax Commr., 144 Ohio St., 233, 58 N. E. (2d), 653. It will be noted that in the Mead case it was held that a “locomotive crane” employed in unloading coal, placing it in piles, moving *412 it about and arranging and blending it for consumption in running a manufacturing plant was not used or consumed directly in the manufacturing of products, and that its sale was not excepted from taxation.
We are of the opinion that the decision of the board herein can not be denoted as either unreasonable or unlawful, and the same is affirmed.

Decision affirmed.

Weygandt, C. J., Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.