Zimmerman, J.
From the record it appears that the activities of the “consumer” involved in this case consist largely of taking worn or damaged tires and in each instance removing the outside tread material down to the casing. Cement is then applied to such prepared surface and on and over the cement is placed a strip of rubber of the proper length which forms a new crown on the tire. The tire is then placed in a form or mold and heat is applied in such a degree as to cause vulcanization. After shaping and buffing, the tire is ready for use.
The board concluded that such operations constitute processing and that the purchase of the tools and equipment used in the undertaking was not subject to the use tax.
Section 5546-25, G-eneral Code, provides that “when the purpose of the consumer [Rawls, Inc.] is * * * to use or consume the thing transferred directly in the *338 production of tangible personal property for sale by manufacturing, processing * * *” no tax shall be imposed.
It was held as follows in the first paragraph of the syllabus of Huron Fish Co. v. Glander, Tax Commr., 146 Ohio St., 631, 67 N. E. (2d), 546:
“Under the provisions of Sections 5546-1 and 5546-25, General Code, the retail sale of tangible personal property is exempt from sales and use taxes if such property is used directly in the production of tangible personal property for sale by processing. ’ ’
Whether the decision of the Board of Tax Appeals is reasonable and lawful depends to a large extent on what meaning may be given the word, “processing.”
In the case of France Co. v. Evatt, Tax Commr., 143 Ohio St., 455, 458, 55 N. E. (2d), 652, 653, the following language appears:
“If the operations in question constitute ‘processing,’ it would seem to follow that the property in question was used directly for such purpose. The word ‘process’ is defined as ‘a mode of treatment of certain materials to produce a given result. It is an act, or a species of acts, performed upon the subject matter to be transformed and reduced to a different state or thing.’ Cochrane v. Deener, 94 U. S., 780, 24 L. Ed., 139.
“The word ‘processing’ is defined as meaning ‘to subject to some special process or treatment. To subject (esp. raw material) to a process of manufacture, development, preparation for the market.’ Kennedy v. Bd. of Assessment and Review, 224 Iowa, 405, 407, 276 N. W, 205.”
It could reasonably be found that the activities of the consumer in retreading, recapping and relugging rubber tires come within the above definitions, and that in the whole transaction a sale is involved; and this court would hardly be justified in denoting the *339 board’s decision as unreasonable or unlawful in so determining.
It is claimed by tbe Tax Commissioner that the decision of the board conflicts with the case of Wilson v. Glander, Tax Commr., 151 Ohio St., 479, 86 N. E. (2d), 761. His contention is that in the Wilson case it is clearly indicated that the recapping of rubber tires is only a repair or service operation as distinguished from a process wherein tangible personal property is produced for sale, and that the definition of ‘ ‘ price, ’ ’ as contained in Section 5546-1, General Code, emphasizes such difference. We think the Tax Commissioner infers too much from the Wilson case. There, as an examination of the syllabus will show, the extent of the holding is that, where a vendor sells material to another and in connection therewith furnishes labor and services in applying such material to his customer’s property, the entire transaction is subject to tax, unless in the making or billing of the charge therefor there is a clear separation of the two items. Such rule does not negative the proposition that circumstances may exist in which retreading, recapping and relugging of rubber tires constitute processing and involve a sale, and that under Section 5546-25, General Code, the purchase of the implements necessary for such purposes is excepted from the use tax. The board has reviewed the facts in this case and has reached a conclusion which, in the opinion of this court, may not be disturbed on the basis of unreasonableness or unlawfulness.
Consequently, the decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Middleton, Taet, Matthias, Hart and Stewart, JJ., concur.