# MANNING'S FAMOUS FOODS, INC. *v.* COMMISSION

Kaye C. Robinette, Vonderheit, Hershner & Hunter, represented the plaintiff.

Alfred B. Thomas, Assistant Attorney General, represented the defendant.

Decision rendered for defendant August 20, 1968.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from a tax commission order which denied plaintiff's claim for a cancellation of a personal property tax assessment.

The plaintiff contends it is entitled to the cancellation because it is a processor under ORS 308.250. That statute states, insofar as applicable:

> "All personal property not exempt from taxation shall be assessed at its true cash value as of January 1, at 1:00 a.m.
> "* * * if the assessment covers any of the items listed in subsection (3) of this section, or any processed product thereof, in the hands of a farmer, producer or processor while being transported to or held in storage in a public or private warehouse, the assessor shall cancel the assessment in whole or proportionate part on receipt of sufficient documentary proof that the personal property so assessed actually was transported or shipped to another point before May 1 of the year of assessment.
> * * *"

The items referred to in subsection (3) are grain, seed, hay, fruit, vegetables, nuts, hops, wool, fish, poultry held primarily for sale for human consumption, butter, cheese and evaporated, condensed, or concentrated milk.

The plaintiff is engaged in the processing or manufacturing of various food products most, if not all, of which are frozen. All sales are made to jobbers or wholesalers.[1] The inventory of raw materials for which plaintiff seeks the cancellation of assessment contains a wide variety of items including fresh fruits and vegetables grown in Oregon and also a substantial amount of already processed goods such as macaroni,

---

[1] Plaintiff also engages in the preparation and sale of foods to institutions such as hospitals and schools.

crushed pineapple, corn meal, rice, spaghetti, sugar and flour. These and similar items are used in making finished food products such as tamales, soups, stews, fricassees, fruit and meat pies, macaroni and cheese and ravioli to name a few.

The primary issue is whether plaintiff is a processor within the meaning of the statute.[2] The defendant contends that the plaintiff is a processor of already processed products rather than the processor of the raw products listed in the statute. The issue requires an interpretation of the phrase "or any processed product" used in the statute.

■ A processor has been defined as one who is in the business of converting any agricultural commodity into a marketable form, *Kennedy v. State Board of Assessment and Review*, 224 Iowa 405, 407, 276 NW 205 (1937), and freezing has been held to be processing. *Territory of Alaska v. The Arctic Maid*, 140 F Supp 190, 194 (DC Alaska 1956); 29 Or Ops Atty Gen 237, 1958-60.

The State of Washington has a processor exemption statute similar to ORS 308.250. It defines the term "processed" as:

"The term 'processed' shall be construed to refer to canning, barreling, bottling, preserving, refining, freezing, packing, milling or any other method employed to keep any grain, fruit, vegetable or fish in edible condition or to put them into more suitable form for consumption, storing, shipping or marketing." RCW 84.36.160.

ORS 308.250 allows an exemption for the various

[2] The defendant raises a minor issue concerning the sufficiency of the documentary proof that the property had been shipped by May 1. This contention is without merit because the proof specifically referred to ORS 308.250 and the assessor treated it as sufficient.

listed items, most of which are raw farm products. The statute also allows an exemption for any processed product of the raw products. Examples of the latter would be canned or frozen fruit or vegetables. Grain is also one of the exempted items under the statute. The processed product of grain would be flour which would also be exempt. The problem arises when mixtures occur where part of the processed product is exempt but is mixed or combined with a nonexempt or previously processed product, resulting in a different food product. The Attorney General for Oregon has held that the phrase "processed product thereof" means that the whole processed product must be substantially composed of the item processed. 28 Or Ops Atty Gen 256, 1956-58. This opinion also held that flour used in bread sold by a bakery is not exempt. While grain is one of the exempted raw products listed in the statute and flour is a processed product of grain, the bread is not exempt because it is a processed product of a processed product.[9]

■ By enacting ORS 308.250 the legislature undoubtedly intended to give tax relief to farmers, producers, or processors holding peak inventories of raw products on assessment day. It would also seem logical that the legislature would include processed products of the raw materials because canning or freezing raw vegetables or fruit is a more practicable way to preserve them for human consumption. It would not be reasonable for the legislature to exempt fresh fruit in boxes in a warehouse and deny the exemption to canned or frozen fruit in the same warehouse. However, there is a substantial difference between the initial processing and the commingling of the pro-

---

[9] The Washington statute restricts the exemption to processed products "in the hands of the first processor." RCW 84.36.160.

cessed products into items bearing little or no resemblance to the original raw product. Corn meal may be a processed product of corn but a tamale made of corn meal mixed with other products and wrapped in a paper wrapper bears little resemblance to and is not a processed product of the original corn. An entirely new food product has emerged.

In order to be entitled to an exemption as a processed product of the original raw product, the former should be substantially composed of and bear a substantial identity to the original raw product. It does not have to be the same as the original product and would not lose its identity merely from the addition of liquids, seasoning or coloring. Neither does the processed product lose its identity when the original fruit or vegetable is converted into a liquid and sold in that form.

The tax commission contends that the property shipped by May 1 must be in the same identical form as the property assessed on January 1. This is not correct because the statute allows the exemption to the raw product or "any processed product thereof." If the commission's position were correct then a cannery having fresh pears on hand ready for canning on January 1, and who canned and shipped the pears by May 1 would not be entitled to the exemption. It should be sufficient if the processed product of the raw product on hand on January 1 met the qualifications previously mentioned herein.

The plaintiff argues that it is entitled to the exemption for the qualified raw products on hand on January 1, although they were later commingled with unqualified products and shipped by May 1. Plaintiff states in its brief: "If apples are assessed on January 1 and processed into apple pies which are shipped

prior to May 1, the value of the apples contained therein is exempt. If apple pies are assessed on January 1 and shipped prior to May 1, the value of the apples contained therein is exempt." This is not correct because in each instance the apple pie is not the processed product of the original raw product.

As none of the items for which the plaintiff is claiming a cancellation of personal property tax assessment constitutes a "processed product" of the original raw product listed in ORS 308.250, the plaintiff is not entitled to the cancellation.