By the Court.
 

 Counsel for appellant in their brief state that this appeal is from the “failure of the Tax Commissioner to allow anything to Dr. Edelstein for the services that he rendered and registered on the cash register of the pharmacy. ’ ’
 

 Henry Edelstein testified that he averaged approximately 10 patients a day for six days a week, that he charged each patient $2 a visit, that he wrote and filled prescriptions for which patients paid, and that his receipts from professional services and prescriptions and the receipts from other sales were rung up on the same cash register.
 

 The original ST-10 returns filed for the year 1942 set forth gross sales in the amount of only $12,518, the amended ST-10 return for the same year listed gross sales in an amount of $23,616.78, and gross receipts of $23,617 were reported in the federal partnership return of income for that year. The original ST-10 returns filed for the year 1943 set forth gross sales in an amount of only $11,565, the amended ST-10 return listed gross sales in an amount of $24,244, and gross receipts of $24,224 were reported in the federal partnership return of income for 1943.
 

 The Board of Tax Appeals in its journal entry demonstrated that, by taking the partnership gross receipts
 
 *22
 
 of $23,617 for 1942 and deducting therefrom $20 per day for 5 days a week, or $5,200, for physician’s services in 1942 and $17,660 for merchandise bought for sale as reported in the partnership return for that year, there would have been a gross profit of only $757 for that year, or a markup of only approximately 3.2 per cent on goods sold, which was out of line with experience in the drug business, especially where prescription medicines are sold. That journal entry recited a comparable computation for the year 1943, resulting in a markup of approximately 3.8 per cent.
 

 The record in this proceeding discloses that Henry Edelstein admitted he kept no complete record of receipts for his services as a physician for the entire period from 1937 through 1945, although he had a record for the year 1945 or a part thereof. However, he failed to submit even that record to the auditor or offer such incomplete record at the hearing before the Tax Commissioner. Furthermore, Albert Edelstein admitted he had records for 1937 through 1944. He did not exhibit thos'e records to the auditor and they were not submitted to either the Tax Commissioner or the Board of Tax Appeals.
 

 An allowance of 33.2 per cent was made by the Tax Commissioner for exempt sales.
 

 Section 5546-12, General Code, imposes a duty on each vendor to keep complete and accurate records of taxable sales of property, together with a record of the tax collected thereon and to keep all invoices and bills of lading.
 

 Section 5546-2, General Code, in part, provides: “For the purpose of the proper administration of this act and to prevent the evasion of the tax hereby levied, it shall be presumed that all sales made in this state are subject to the tax hereby levied until the contrary is established.”
 

 The appellant failed to sustain the burden of show
 
 *23
 
 ing that proper allowance was not made for the professional services of Henry Edelstein.
 
 Obert
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 492, 59 N. E. (2d), 931, paragraph three of the syllabus.
 

 The decision of the Board of Tax Appeals is reasonable and lawful and is, therefore, affirmed.
 

 Decision affirmed.
 

 Weygandt, O. J., Turner, Matthias, Zimmerman and Sohngen, JJ., concur.
 

 Hart and Stewart, JJ., not participating.