By the Court.
 

 The vendor’s record of purchases was divided into the four classifications of beer and wine, liquor, food, soft drinks.
 

 
 *200
 
 The vendor had three and then two cash registers,, on no one of which could taxable and nontaxable sales-be recorded separately. At the close of business each night, the vendor took totals from the cash register tapes, compared some with the customer purchase-checks and entered the totals in round numbers in a book. The vendor at intervals delivered that book to-his bookkeeper, but no cash register tapes or customer-purchase checks were furnished to the bookkeeper. No separate records were made or kept of the taxable- and nontax-able sales; sales of liquor, beer and wine-were combined on the vendor’s books, and sales of soft drinks were included with sales of food. The vendor and his bookkeeper appeared at the hearing before-the Tax Commissioner, but no books, cash register tapes or customer purchase checks were produced during that hearing or the hearing before the Board of Tax Appeals.
 

 The vendor’s cashier, who was in charge of the mail, cash register, testified that there were pads of sales-tax' stamps at each cash register and she tore off stamps for each taxable sale recorded on the main-cash register; and that there were pads of sales-tax stamps at the bar, and when she substituted for the bartender she tore off sales-tax stamps for each liquor sale. The bartender testified that he very seldom had a pad of sales-tax stamps, that he occasionally had a pad but did not use the tax stamps and thg,t his-orders were not to give a customer a stamp when the-latter purchased a 30-cent drink. The vendor testified! there were sales-tax stamp pads at the bar, that the-bartenders would forget or would not bother to tear-off the stamps, that vendor went on the assumption the bartenders were not tearing off the right amount of stamps and that he daily allocated for beer, wine and liquor sold and tore off stamps for the amount he determined from gross sales at the bar.
 

 
 *201
 
 The errors assigned in this appeal will be stated and considered seriatim.
 

 The vendor contends the decision of .the Board of 'Tax Appeals presumes all food purchased by vendor was sold at a profit and such sales were taxable, without making allowance for (a) a portion of the food purchased in the business and consumed by the vendor and the members of his family, (b) nontaxable sales of food prepared and sold for human consumption off the premises where sold and (c) food or meals furnished employees in the place of business.
 

 The purchase audit was not used in determining food sales, but the vendor’s sales figure of $327,811.80 was accepted. The vendor estimated the cost of food ■consumed by him and his family, but there was no •evidence that such consumption was recorded by customer check, cash register tape or bookkeeping entry. The claimed allowance for nontaxable sales for consumption off the premises is not supported by such checks, tapes or bookkeeping entries, but was attempted to be sustained by estimates. Likewise, the claimed allowancé for meals to employees was not so supported, but was based on an estimate by vendor which was not substantiated by the testimony of two ■of his employees as to the daily or weekly sum each employee was allowed or charged for such food.
 

 The vendor contends no allowance was made for 'losses of merchandise sustained through spoilage, spillage, wastage, theft, overmeasure, etc.
 

 As hereinbefore stated, a purchase audit was not used to determine food sales. Therefore, no allowance for spoilage, wastage or theft of food should have been allowed.
 

 There was some testimony as to spillage, theft and cvermeasure of liquor, but all such claimed losses were not supported by estimates before the Board of Tax Appeals.
 

 
 *202
 
 It is contended the Board of Tax Appeals should have made an allowance for inventories of food and soft drinks on hand at the close of the tax period, as shown by the testimony of an auditor employed in the office of counsel for vendor. The final assessment by the Tax Commissioner was based upon vendor’s record of receipts from sales of food and soft drinks, as recited in the foregoing statement of facts, and, consequently, inventories of food and soft drinks were not involved in that computation of the assessment. With respect to claimed credit for liquor inventory, as ascertained by counsel’s accountant and urged for the first time in this court by reply brief, the record shows an allowance was made based upon an inventory receipt for liquor, signed by vendor’s purchaser of the business.
 

 Section 5546-12, General Code, provides that “each vendor shall keep complete and accurate records of sales of taxable property, together with a record of the tax collected thereon, which shall in every instance be the amount due under the provisions of this act, and shall keep all invoices, bills of lading, retained parts of cancelled prepaid tax receipts and such other pertinent documents, in such form as the commission [Tax Commissioner] may by regulation require. * * * ”
 

 The record in this case discloses that the vendor kept no such “complete and accurate records,” but his books combined receipts from taxable and nontaxable sales of merchandise and contained no record of sales tax collected.
 

 Where a vendor claims the Tax Commissioner made an insufficient allowance for nontaxable sales and the vendor’s gross receipts from sales are known, the burden rests upon him to show what part, if any, of such receipts resulted from tax-exempt sales of merchandise.
 
 Obert
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 492, 59 N. E. (2d), 931, paragraphs two and three of the
 
 *203
 
 ■syllabus. See, also,
 
 Edelstein
 
 v. Glander,
 
 Tax Commr.,
 
 148 Ohio St., 19, 72 N. E. (2d), 384.
 

 The vendor in the present proceeding failed to sustain the burden of proving the allowances claimed by him.
 

 The sales tax deficiency and penalty assessment is not excessive, unreasonable or arbitrary.
 

 The decision of the board is neither unreasonable nor unlawful and is, therefore, affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.