Sohngen, J.
 

 The principal question presented to this court for determination is whether in a sales-tax-assessment proceeding a vendor may introduce parol evidence to prove exempt sales, where records of such sales have not been kept.
 

 Section 5546-12, General Code, provides:
 

 “Each vendor shall keep complete and accurate records of sales of taxable property, together with a record of the tax collected thereon, which shall in every instance be the amount due under the provisions of this act, and shall keep all invoices, bills of lading, retained parts of cancelled prepaid tax receipts and such other pertinent documents, in such form as the commission [Tax Commissioner] may by regulation require. Such records and other documents shall be open at any time, during business hours, to the inspection of the commission [Tax Commissioner] and shall be preserved for a period of four years, unless the commission [Tax Commissioner] shall, in writing, -consent to their destruction within that period or by order require that they be kept longer.”
 

 The Tax Commissioner contends that the only evidence as to exexnpt sales which may be lawfully considered by the taxing authorities is the records which a vendor is required to keep by virtue of Section 5546-12,
 
 supra,
 
 citing the case of
 
 Obert
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 492, 59 N. E. (2d), 931, paragraphs two and three of the syllabus reading as follows :
 

 “2. Where a vendor liable under Section 5546-12o, General Code, claims that the Tax Commissioner in making an assessment by virtue of Section 5546-9a, Gexxeral Code (as amended 116 Ohio Laws, pt. 2, 329,
 
 *195
 
 117 OMo Laws, 763, and 119 OMo Laws, 45), has made an insufficient allowance for tax-exempt sales, the burden of proof rests upon such vendor.
 

 “3. Where the amount of vendor’s gross receipts from sales are known, the burden rests upon such vendor to show what part, if any, of such receipts resulted from sales of tax-exempt merchandise.”
 

 In the instant case, the amount of gross sales is not in dispute, no question as to such sales having been raised — and under the rule in the
 
 Obert case
 
 the burden was on the vendor to show what part of her receipts resulted from tax-exempt sales. To meet that burden vendor, having no records of receipts resulting from exempt sales for the years 1942, 1943 and 1944, offered the testimony of herself and her husband, Charles B. Jones, as to the percentage of sales of food for consumption off the premises and, therefore, exempt from taxation.
 

 Was such evidence admissible?
 

 Section 5546-12, General Code, does not provide that the records required to be kept by a vendor shall be the only evidence of the vendor’s taxable sales. It is true that such records, when kept, will form the bases of tax assessments, but it does not follow that the records must in all cases be the only evidence to be considered by the taxing authorities.
 

 Section 5546-9a, General Code, a part of the Sales Tax Act and providing for appeal by a vendor from an assessment of the Tax Commissioner to the Board of Tax Appeals, is in part:
 

 “The vendor or consumer may appeal from an assessment after it is due and payable to the Board of Tax Appeals in the same time, manner and form as that provided in Section 5611 of the General Code of Ohio.”
 

 Section 5611, General Code, provides in part:
 

 “The Board of Tax Appeals may order the appeal
 
 *196
 
 to be heard upon the record and the evidence certified to it by the Tax Commissioner, but upon application of any interested party shall order the hearing of additional evidence; and it may make, or cause to be made, such investigation with respect to the appeal as it may deem proper.”
 

 Since Section 5546-12, General Code, requires that “each vendor shall keep complete and accurate records of sales of
 
 taxable
 
 property” and does not provide for the keeping of records of sales
 
 exempted from taxation
 
 by law, we are of the opinion that had the General Assembly intended to require records of sales exempted by law, it would naturally have made such a specific provision. The General Assembly not having done so, the vendor in the instant case, having failed to keep records of exempted sales for the years 1942, 1943 and 1944, had the right to present parol evidence which was relevant to the amount of the tax-exempt sales.
 

 To hold otherwise would be unjust since the fundamental and only purpose of a sales-tax-assessment audit and the proceedings thereunder is to determine the vendor’s tax liability under the law. The burden was on the vendor to show what part of her receipts resulted from tax-exempt sales, and being without records of such sales and not being specifically required under the Sales Tax Act to keep such records, vendor would be precluded from receiving the benefit of the tax exemptions provided by law if denied the right to introduce competent testimony relevant to exempt sales.
 

 In the case of
 
 Edelstein
 
 v.
 
 Glander, Tax Commr.,
 
 148 Ohio St., 19, 72 N. E. (2d), 384, involving the assessment of sales tax, the vendor introduced parol evidence, although the question as to whether such evidence was admissible was not raised or considered.
 

 
 *197
 
 The Tax Commissioner contends that if the parol ■evidence was admissible, such evidence did not sustain the burden of proving the tax-exempt sales, and, therefore, the decision of the Board of Tax Appeals is unreasonable and unlawful.
 

 The burden of proving that sales are exempt from taxation is upon the vendor.
 
 Obert
 
 v.
 
 Evatt, Tax Commr., supra.
 
 The Board of Tax Appeals had the •opportunity to hear and see the witnesses and to judge and determine the truth of their statements. It must be presumed that the Board of Tax Appeals reached its finding having in mind the rule of law of the
 
 ■Obert case.
 

 An examination of the record does not show the decision of the Board of Tax Appeals to be unreasonable •or unlawful, and the decision is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and .“Stewart, JJ., concur.
 

 Turner, J., dissents.