By the Court.
 

 The vendor contended before the Board of Tax Appeals that during the period from July 1, 1943, until 1945 after the close of World War II he operated mainly a confectionery, grocery and carry-out store and that the taxable sales during that period should have been somewhere between 15 and 20 per cent for that type of business. The Board of Tax Appeals found that the sales-tax returns of the ven
 
 *549
 
 •dor for the period from July 1, 1943, to July 1, 1946, showed from 40 to 50 per cent of gross sales to be taxable, which contradicted his claim. The testimony and exhibits in the record do not support his contention that not more than 15 to 20 per cent of his gross sales were taxable during the last half of 1943, the •entire year 1944, and a part of the year 1945, before he started to operate a restaurant in the latter year.
 

 The vendor contends also that the signed agreement for an analysis to determine the percentages of taxable and nontaxable sales was procured under duress and undue influence. Although it is claimed he speaks ■only broken English and cannot read the English language, he testified that he had been in this country 40 or 45 years and that the agreement was read to him but he could not understand it. The testimony of the tax examiner was to the effect that the agreement was explained to the vendor and he did not object.
 

 The next to the last paragraph of Section 5546-2, Genera] Code, provides “it shall be presumed that all sales made in this state are subject to the tax •hereby levied until the contrary is established.”
 

 The vendor in the present instance produced a book containing a record of gross receipts for the four-year audit period, but he did not keep complete and accurate records of taxable sales, tax collected or documents required by Section 5546-12, General Code.
 

 In
 
 Obert
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 492, 59 N. E. (2d), 931, in paragraph three of the syllabus, 'this court held:
 

 “Where the amount of vendor’s gross receipts from sales are known, the burden rests upon such vendor to show what part, if any, of such receipts resulted from sales of tax-exempt merchandise.”
 

 See, also,
 
 Edelstein
 
 v.
 
 Glander, Tax Commr.,
 
 148 Ohio St., 19, 72 N. E. (2d), 384, and
 
 Manton
 
 v.
 
 Glander, Tax Commr.,
 
 150 Ohio St., 198, 80 N. E. (2d), 755.
 

 
 *550
 
 The vendor in the present proceeding concedes there-is due from him an amount equal to one-half of that assessed, but he has failed to sustain the burden of establishing a greater percentage of exempt sales than, that determined by the Tax Commissioner.
 

 The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and. is, therefore, affirmed..
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.