Matthias, J.
Was the decision of the Board of Tax Appeals, that the total of all receipts for watch and jewelry repairs made during the period involved determined the amount of the sales tax, unreasonable or unlawful?
The evidence is uncontradieted that four-fifths of the watches serviced required no replacement of parts and that practically all the receipts involved the servicing of watches. The appellant testified that watches *266 requiring- parts were immediately- separated from those needing only cleaning; that periodic and frequent checks were made of the watches retained for parts; and that his observation thus made disclosed the above-stated proportion of watches requiring no repair parts. Testimony of this type is admissible when written records are not available and it may be thus shown that certain sales are excepted. Jones, d. b. a. Tennessee Barbecue, v. Glander, Tax Commr., 150 Ohio St., 192, 80 N. E. (2d), 766. It is clear that where services alone are furnished no sales tax is chargeable.
Section 5546-1, General Code, is in part as follows:
“ ‘Sale’ and ‘selling’ include all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is granted,, for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange or barter, and by any means whatsoever * * *,
“ ‘ Price ’ means the aggregate value in money of any thing or things paid or delivered, or promised to be paid or delivered by a consumer to a vendor in the consummation and complete performance of a retail sale without any deduction therefrom on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid, or allowed after the sale is consummated, or any other expense whatsoever. ‘Price’ shall not include the consideration received for labor or services used in installing, applying, remodeling or repairing the property sold if the consideration for such services is separately stated from the consideration received for the tangible personal property transferred in the retail sale. ‘Price’ shall be deemed to be the amount re *267 eeived exclusive of the tax hereby imposed provided the vendor shall establish to the satisfaction of the Tax Commissioner that the tax was added to the price.”
Section 5546-2, General Code, is in part:
‘ ‘ The tax hereby levied does not apply to the following sales:
< < * * *
“9. Professional, insurance or personal service transactions which involve sales as inconsequential elements, for which no separate charges are made.”
A different question is presented by the assessment as it relates to watch repairs where as a part of the service new parts were furnished and installed. It is the contention of the appellant that because the value of the parts furnished was small, it was inconsequential and, therefore, the sale was excepted from the tax under Section 5546-2, General Code, even though no separate charge was made for such parts. The Tax Commissioner contends that this situation is governed by Tax Commissioner’s Rule 73, which provides as follows:
“Repairmen are making sales of all tangible personal property which is transferred by them to their customers in connection with regular repair work.
“Where the charges for material and labor or service are not separately stated, the tax base for the application of the tax is the full amount charged with no deductions.
“Where the charges for material and labor or service are separately stated, the tax shall be computed on the charge for material and no tax shall apply on the charge for labor or service.
“Repairmen shall purchase tangible personal property to be sold under a certificate of resale and not pay any tax at the time of purchase.
“Repairmen are consumers of all articles of tan *268 gible personal property which are not transferred to their customers and must pay the tax thereon.
“This rule is applicable to all repairmen, including automobile, shoe, tire and watch repairmen, tire refer eaders, as well as those engaged in recapping tires, automobile refinishers and automobile painters.”
The appellant contends that Rule 73 is in direct conflict with the provisions of Sections 5546-1 and 5546-2, General Code, and therefore is invalid. This court has heretofore considered and applied Rule 73 in the case of Wilson, d. b. a. Nu-Tred Tire Co., v. Glander, Tax Commr., 151 Ohio St., 479, 86 N. E. (2d), 761, and the principle therein stated, that the entire transaction in such a case is subject to' sales tax where there is no separation of material furnished and the labor required, has heretofore been applied by this court. See Rice v. Evatt, Tax Commr., 144 Ohio St., 483, 59 N. E. (2d), 927, 157 A. L. R., 572, and Wilson v. Glander, Tax Commr., supra. The record discloses that no separation of material and labor was made by the appellant and, therefore, those transactions in which material and labor were furnished were clearly subject to the sales tax measured by the entire price.
An attempt was made by the appellant to show that the sales were excepted from the sales tax for the reason that the cost of the parts furnished was inconsequential. The Board of Tax Appeals did not agree with the appellant as to that contention. The record discloses a substantial expenditure for parts in relation to the proportion of watches repaired which concededly required replacement of parts. It is to be noted also that the appellant failed to establish the retail value of the parts furnished. Therefore, the decision of the Board of Tax Appeals in finding that the repair parts were not inconsequential and refusing to except the sales, under the provisions of Section 5546-1 and 5546-2, General Code, was not unreasonable or unlawful.
*269 The decision of the Board of Tax Appeals, so far as it approved the sales tax assessment measured by the full invoice price of watches serviced where new parts were not furnished, is not authorized by the statute and is, therefore, unreasonable and unlawful.
The decision of the Board of Tax Appeals in that respect is reversed but is otherwise affirmed, and the cause is remanded for further proceedings in accord with this opinon.

Decision affirmed in part and reversed in pari.

Weygandt, O. J., Zimmerman, Stewart, Middleton, Taft and Hart, JJ., concur.