LEAKAS FURRIERS, INC., APPELLANT, *v.* BOWERS, TAX
COMMR., ET AL., APPELLEES.

338

(No. 2302—Decided December 7, 1954.)

*Messrs. Pickrel, Schaeffer & Ebeling,* and *Mr. Charles W. Slicer,* for appellant.

*Mr. C. William O'Neill,* attorney general, and *Mr. Jack H. Bertsch,* for appellee.

Wiseman, P. J.   This is an appeal from a decision of the Board of Tax Appeals affirming an order of the Tax Commissioner in the assessment of sales tax.

Three errors are assigned, as follows:

1. The Board of Tax Appeals erred in holding that the various transactions, as listed in the assessment and testified to before the board, constituted fabrication or production, and, consequently, erred in holding that such transactions were taxable sales under the Sales Tax Act of the state of Ohio.

2. The Board of Tax Appeals erred in holding that a majority of the transactions testified to in the record were taxable on the ground that there was no breakdown between labor and materials on the sales invoices.

3. The Board of Tax Appeals erred in its application of Rule 38 of the Rules and Regulations of the Department of Taxation to the transactions in question in that rule 38 does not provide for a definite standard of conduct, and under such circumstances rule 38 is unreasonable and arbitrary.

When an appeal is taken from the order of the Tax Commissioner by a taxpayer, "the notice of such appeal shall set forth, or have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, *and shall also specify the errors therein complained of.*" (Emphasis ours.) Section 5717.02, Revised Code (formerly Section 5611, General Code).

In the notice of appeal the taxpayer admitted proper assessment on certain items, but objected to the assessment on the remaining items, as follows:

"Appellant objects to the assessment of the sales tax on the remaining items in the assessment on the grounds that under Rule 38 of the Rules and Regulations of the Department of Taxation, the items in question do not constitute fabrication or production and rule 38 should not be applied in such a way as to make such transactions subject to the sales tax. This objection is based upon the proposition that the transactions in question do not constitute such changes in the form of the tangible personal property as to fall into the definition of 'sale' and 'selling' under the Sales Tax Act."

The contention is made that in the consideration of the appeal by the Board of Tax Appeals, the board was limited to the errors specified in the notice of appeal, citing *American Restaurant & Lunch Co.* v. *Glander, Tax Commr.,* 147 Ohio St., 147, 70 N. E. (2d), 93; *American Culvert-Fabricating Co.* v. *Glander, Tax Commr.,* 158 Ohio St., 351, 109 N. E. (2d), 475; *Kent Provision Co., Inc.,* v. *Peck, Tax Commr.,* 159 Ohio St., 84, 110 N. E. (2d), 776; *David* v. *Peck, Tax Commr.,* 161 Ohio St., 80, 118 N. E. (2d), 146. It is now contended that the appellant in this court is limited to the errors so specified in its notice of appeal

to the Board of Tax Appeals. In appealing from the order of the board, the taxpayer is required, under Section 5717.04, Revised Code (formerly Section 5611-2, General Code), to "set forth the decision of the board appealed from and the errors therein complained of." The assignment of errors filed in this court is necessarily directed to the decision of the Board of Tax Appeals, which in turn is limited to the errors specified in the notice of appeal from the order of the Tax Commissioner. The Board of Tax Appeals considered the questions raised in light of the errors specified, and we think this court, in reviewing the decision of the Board of Tax Appeals, is limited to such errors. See *Bennett* v. *Dayton Memorial Park & Cemetery Assn.*, 88 Ohio App., 98, 93 N. E. (2d), 712; 3 Ohio Jurisprudence (2d), 614, Section 663. The provision in Section 5717.04, Revised Code, requiring specification of errors in an appeal from the Board of Tax Appeals does not confer on the taxpayer the authority to broaden the scope of review. The errors specified in an appeal from the Board of Tax Appeals to this court may reduce but may not enlarge the scope of review. A similar situation arose in *Ladas et al., d. b. a. Brass Rail Lunch,* v. *Peck,* 162 Ohio St., 159, 122 N. E. (2d), 12, where the court restricted the errors assigned to the questions raised before the Board of Tax Appeals. Therefore, in determining whether the decision of the board is "reasonable and lawful" or "unreasonable or unlawful," as provided in Section 5717.04, Revised Code, we may consider only assignments of error numbered one and three. We may not consider assignment of error numbered two without qualification. We pass on all assignments of error on the assumption that this court may be reversed in holding that appellant can not now raise the question involved in assignment of error No. 2.

The factual situation and the legal questions involved are set forth in the decision of the Board of Tax Appeals as follows:

"The sole legal issue raised by appellant in its notice of appeal, and the only issue before us for decision, concerns the correct base to be used by appellant in computing the sales tax appellant vendor should have charged its customers on the transactions listed in the Tax Commissioner's assessment and still in dispute.

"Appellant, Leakas Furriers, Inc., is a corporation located in Dayton, Ohio. It sells at retail ready-made clothes and fur garments for women. It also has a department for the cleaning, storage, remodeling, restyling and repairing of fur garments owned by its customers. As a part of its business it 'remodels' and 'restyles' used and worn-out fur garments into remodeled and restyled fur coats, fur capes, fur jackets, fur scarfs, etc. It is with these 'restyling' and 'remodeling' transactions that the parties are here in disagreement.

"The testimony indicates that to 'remodel' or 'restyle' a fur garment it is necessary that the coat or other garment to be remodeled or restyled must first be cut apart and the good fur parts salvaged and sewn together with such new pieces as may be necessary. Then the furs or pelts are moistened and placed over a pattern of the style of garment to be made. After the furs have dried they are squared to the pattern and softened with cream preparatory to being fitted to the customer. The sewing in of a new or the old lining is ordinarily the last step in reconstituting the fur garment.

"The Tax Commissioner contends that all the transactions in issue are transactions wherein a consumer or customer of appellant furnished appellant a used

or worn-out fur garment to be processed or fabricated by appellant into a different but usable fur garment by cutting and processing the old fur and adding materials owned by the appellant. The Tax Commissioner says that these transactions constitute retail sales under the provisions of Section 5546-1, General Code, and that the entire and full consideration or charge made to the customer is the base upon which the sales tax must be computed.''

The pertinent portions of Section 5739.01, Revised Code (formerly Section 5546-1, General Code), are as follows:

''(B) 'Sale' and 'selling' include * * * the production or fabrication of tangible personal property for a consideration for consumers who furnish either directly or indirectly the materials used in the production or fabrication work * * *.

''* * *.

''(H) 'Price' means the aggregate value in money of any thing paid or delivered, or promised to be paid or delivered, by a consumer to a vendor in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid, or allowed after the sale is consummated, or any other expense. Price does not include the consideration received for labor or services used in installing, applying, remodeling, or repairing the property sold if the consideration for such services is separately stated from the consideration received for the tangible personal property transferred in the retail sale. Price is the amount received exclusive of the tax, provided the vendor establishes to the satisfaction of the Tax Commissioner that the tax was added to the price.''

Rule 38 of the Rules and Regulations of the Department of Taxation provides as follows:

"The definition of 'sale' and 'selling' includes the production or fabrication of tangible personal property, as well as the furnishing, preparing or serving of tangible personal property for a consideration. Any change in the form or substance of tangible personal property so as to create a new article of tangible personal property, or any substantial alteration of the form or shape of an existing article of tangible personal property, wherein the material is furnished by either party, shall constitute a production or fabrication under the provisions of this rule. Such production or fabrication charges are sales and are subject to the tax. The tax base in such cases shall be the entire amount charged for such production or fabrications, including cost of materials.

"This ruling does not apply to those cases where repairs are made to completed articles of tangible personal property.

"A printing charge by a printer for the printing of printed matter, whether the stock or other material is furnished by the consumer or by the printer; a tailoring charge for the tailoring of a suit, whether the cloth is furnished by the tailor or the consumer; a charge for the fabrication of steel, regardless of who furnishes the steel to be fabricated; a charge for the preparation of food for consumption on the premises where prepared, regardless of who furnishes the food for such preparation; a charge for making curtains, draperies or slip covers, whether the materials are furnished by the maker or the consumer, are subject to the tax."

After quoting from the code section and rule 38, the board in its decision said:

"The assessment in this case was predicated upon invoices made out by appellant and testified to by appellant's only witness. The invoices themselves, however, were not introduced into evidence by the appellant. On the great majority of the invoices there was no breakdown as between the consideration charged for materials and the consideration charged for labor. The invoices merely carried the total charge for the restyling or remodeling plus a sales tax charge and a total of the two. The sales tax charge was the appellant's estimate as to the tax due on the value of the materials the appellant added in the course of remodeling or restyling the fur garment. At no place on the great majority of these invoices was there any breakdown between the consideration charged for materials and the consideration charged for labor or services. In this respect the invoices are similar to those under consideration in the case of *Wilson, d. b. a. Nu-Tred Tire Co.,* v. *Glander,* 151 Ohio State Reports at page 479, wherein the syllabus reads as follows:

" 'Where a person sells material to another and in connection therewith furnishes labor or service in applying such material to his customer's property, the entire transaction shall be considered a sale and subject to tax, unless there is a clear separation, in the making or billing of a charge therefor, of the material furnished and the labor or service performed.'

"As we view the matter the issue in this case can be stated as follows:

"(1) In the transactions here involved was appellant engaged in the production or fabrication of tangible personal property, or was it engaged in the repair of such property?

"(2) If held to be engaged in the repair of such property, has appellant, in its invoices and records,

sufficiently complied with the following provisions of Section 5546-1, General Code: ' "Price" shall not include the consideration received for labor or services used in installing, applying, remodeling or repairing the property sold if the consideration for such services is separately stated from the consideration received for the tangible personal property transferred in the retail sales'; so as to permit the tax base to be only the value of the materials added by appellant?

"The second question must be answered in the negative. Even if we are to hold that appellant, in the transactions here involved, was a 'repairer' of the tangible personal property involved, it is abundantly clear that it has not separated the consideration charged for materials from the consideration charged for labor and services in the majority of the transactions. But even as to this we would be unable to give any relief to appellant on those invoices wherein there was such a breakdown for the reason that appellant, in its notice of appeal to the Board of Tax Appeals, did not specify any error in this respect; and no mention was made of this point in the briefs.

"However, it will not be necessary for us to predicate our decision solely on the answer to the second question since we are convinced that the answer to the first question must be that appellant, in the transactions here under consideration, was engaged in the production and fabrication of tangible personal property and that each transaction constituted a 'sale' or 'selling' within the meaning of those words as the same are defined in General Code Section 5546-1. We are further of the view that these transactions are 'retail sales' as thus defined by the Legislature irrespective of the Tax Commissioner's rule 38, concerning which rule however we do not agree with appellant that the same is arbitrary and unreasonable.

"The transactions of appellant were made 'retail sales' by the Legislature, and if appellant wishes relief it is to the [legislative] body that it should address itself. Neither the Tax Commissioner nor this board has any authority to change the definitions set up by the Legislature.

"Upon consideration of all the evidence in this case we are of the view that the final order of the Tax Commissioner herein complained of is correct and said final order is therefore affirmed."

The principal question for the court to determine is whether the Board of Tax Appeals properly held the taxpayer was engaged in "production or fabrication of tangible personal property" and that the transactions under consideration constituted a "sale" or "selling" within the meaning of those words as defined in Section 5739.01, Revised Code. The board held such transactions to be "retail sales," irrespective of the application of rule 38. The statute defines "sale" and "selling," but the statute does not define the words, "production," or "fabrication." The board in its decision fails to set forth the rationale for its conclusion that the taxpayer was engaged in "production and fabrication." The words, "production," and "fabrication," are broad, uncertain terms and resort must be had to definition. The Tax Commissioner recognized this situation in adopting rule 38, wherein these terms are defined. The Tax Commissioner recognized the distinction between the two words, and also that the Legislature in Section 5739.01, Revised Code, used these two words in the alternative. We revert to a consideration of the definition of "production" and "fabrication" as found in rule 38. It is there stated that "any change in the form * * * *so as to create a new article*" or "*any substantial alteration of the form or shape of an existing*

*article* * * * wherein the material is furnished by either party, shall constitute a production or fabrication.'' (Emphasis ours.) The rule further provides that ''the tax base in such cases shall be the entire amount charged for such production or fabrication, including cost of materials.'' The rule excepts repairs made to completed articles.

Where words are defined in the statute, the court is bound by the legislative definition. *The Ornamental Ironwork Co.* v. *Peck, Tax Commr.*, 160 Ohio St., 399, 401, 116 N. E. (2d), 577; *Terteling Bros., Inc.*, v. *Glander, Tax Commr.*, 151 Ohio St., 236, 85 N. E. (2d), 379; 47 American Jurisprudence, 229, Section 24.

In the instant case the assessment is based on invoices made out by appellant when the order was placed by the customer. Appellant's only witness testified respecting each transaction in controversy and described the article brought into the store and the change to be made in the article, together with a description of the finished product to be delivered to the customer. The examiner for the Tax Commissioner characterized almost all of the numerous transactions as ''restyling fur coat,'' ''restyled to cape,'' ''restyled to jacket,'' or some other similar term. Such terms connote slight change in the article, and would be most favorable to the taxpayer. However, we are required to disregard the examiner's characterization of the work done, inasmuch as the president of the appellant company testified in detail respecting every transaction. An analysis of his testimony shows that most of the transactions were: coat changed to cape; coat changed to jacket; coat changed to stole; or coat changed to cape-stole. Some of the transactions consisted of making a stole, a cape, a cape-stole, a scarf, a tie, or a muff from several pieces of fur. In all these transactions the original article lost its identity,

either in the creation of a new article, or in making a "substantial alteration of the form or shape of an existing article." Under the statute, and also under the rule, such transactions constituted a "production or fabrication," and the tax base was the entire amount charged, including the cost of any materials furnished by the appellant. With respect to this first class of transactions the order of the Tax Commissioner and the decision of the Board of Tax Appeals were reasonable and lawful.

A close examination of the record discloses a second class of transactions where a new article was not created, or where a substantial alteration of the form or shape of the existing article did not take place. We refer to the undisputed evidence where the witness described the process of work done as: collar restyled; coat restyled; coat shortened; coat re-cut; coat remodeled; coat revitalized; cape restyled; scarf restyled; and similar transactions. Such transactions did not constitute "production or fabrication" within the terms of the statute or the rule.

The Tax Commissioner contends that the fur pieces brought to the appellant by the customers are taken apart, the unusuable pieces discarded, new material added when needed, and then the old pieces and new pieces, if any, are put together again in making the article to be delivered to the customer; and that the process of taking apart and putting together creates, by art and skill, a new article. The case of *Miller, d. b. a. Orchard Knoll Poultry Farm*, v. *Peck, Tax Commrs.*, 158 Ohio St., 17, 106 N. E. (2d), 776, is cited, which defines "manufacturing" on page 20 as follows:

"The term, 'manufacturing,' is otherwise defined as the production of articles for use from raw or prepared materials by giving to these materials new

forms, qualities, properties, or combinations, whether by hand labor or by machinery. See the Century Dictionary.''

It is contended that the word, ''production,'' bears the same connotation as ''manufacturing.'' The test applied in *Miller* v. *Peck, supra,* would have application to the first class of transactions aforementioned, but not to the latter class. Under the provision of the statute and rule 38 the test to be applied in determining whether the taxpayer is engaged in production or fabrication does not lie in the process used, but whether the finished article is substantially different from the original article. In the first class of transactions a substantial change appears; in the latter class the finished article delivered to the customer is practically and substantially the same as the original article. This distinction was made by the Board of Tax Appeals in the case of *Black, d. b. a. Black Furs,* v. *Peck, Tax Commr.,* Docket No. 24477, decided by the Ohio Board of Tax Appeals on March 8, 1954, where it held that the restyling and remodeling of a coat into a cape or jacket involved a substantial alteration and consequently a taxable sale; but when work consisted of restyling some part or parts of the coat, or putting in fullness, such work consisted of repairing and not production or fabrication and did not result in a taxable sale. Other cases are cited which are not helpful in determining the issues raised.

The order of the Tax Commissioner and the decision of the board in holding that the second class of transactions constituted ''production or fabrication'' within the meaning of Section 5739.01, Revised Code, was unreasonable and unlawful. Such transactions fall in the category of ''repairs'' and the assessment of tax is controlled by Section 5739.01, subdivision (H), Revised Code, which provides that the tax may not

be assessed on the amount charged for labor, "if the consideration for such services is separately stated from the consideration received for the tangible personal property." Here we revert to a consideration of the assignment of error No. 2, and do so only on the assumption that this court may be reversed in holding that the question of a breakdown between labor and materials is not before this court. The decision of the board implies that in certain transactions there was a breakdown of the consideration charged for labor and materials. On such transactions the statute expressly provides that the tax shall not be assessed on the amount charged for labor. This court is unable to determine the transactions on which this breakdown occurred. It is not essential that the breakdown be shown by the invoices; it is sufficient if this separate consideration be shown on the books of the taxpayer. This principle was announced by the Supreme Court in *Roberts, d. b. a. Adams Upholstering Co.*, v. *Glander, Tax Commr.*, 156 Ohio St., 247, 102 N. E. (2d), 242; and in *Jones, d. b. a. Tennessee Barbecue*, v. *Glander, Tax Commr.*, 150 Ohio St., 192, 196, 80 N. E. (2d), 766. It was held that where the records are not available, the taxpayer, in a sales-tax-assessment proceeding, may introduce parol evidence as to the exempt sales, and on this issue the burden of proof is on the vendor or taxpayer to show what part, if any, of such sales are tax-exempt. See, also, *Cogen, d. b. a. Hart Jewelry Co.*, v. *Glander, Tax Commr.*, 156 Ohio St., 263, 266, 102 N. E. (2d), 1. On the transactions where a separate consideration was stated on the records of the appellant, or where the evidence would show a separate consideration, the assessment should not have been made on the entire consideration. To this extent the order of the Tax Commissioner and the decision of the board were unreasonable and unlawful.

With respect to these transactions, the cause should be remanded for a reassessment in conformity herewith, if it should later be found that this issue is properly before this court.

If the question just discussed is not properly before this court, and we hold that it is not, we are required to affirm the decision of the Board of Tax Appeals on the questions raised by assignments of error numbered one and three.

In our opinion rule 38 is not arbitrary, and is reasonable and appropriate for the purpose to be served; it neither enlarges nor impairs any right given by the statute.

We find no error in the record prejudicial to the rights of the appellant. The judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.