THE CANTON STRUCTURAL STEEL COMPANY, APPELLEE,
*v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Canton Structural Steel Co. v. Lindley
(1982), 69 Ohio St. 2d 33.]

(No. 81-348—Decided January 13, 1982.)

34

*Amerman, Burt & Jones Co., L.P.A.,* and *Mr. Jacob F. Hess, Jr.,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellant.

*Per Curiam.* The instant appeal concerns the proper construction of R. C. 5739.03, which states in pertinent part:

"*If any sale is claimed to be exempt* under division (E) of section 5739.01 of the Revised Code or under section 5739.02 of the Revised Code, with the exception of divisions (B) (1) to (B) (11) of section 5739.02, the consumer must furnish to the vendor, and *the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax.* If the transaction is claimed to be exempt under division (B) (13) of section 5739.02 of the Revised Code, the exemption certificate shall be signed by both the contractor and his contractee and such contractee shall be deemed to be the consumer of all items purchased under such claim of exemption in the event it is subsequently determined that the exemption is not properly claimed. The certificate shall be in such form as the tax commissioner by regulation prescribes. *If no certificate is furnished or obtained* within the period for filing the return for the period in which such sale is consummated, *it shall be presumed that the tax applies. The failure* to have so furnished, or *to have so obtained, a certificate shall not prevent a vendor* or consumer *from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment,* in which event the tax shall not apply." (Emphasis added.)

The question presented is whether certificates of exemption that are timely received but are untimely destroyed prior to the commencement of a tax audit have been "obtained" for purposes of R. C. 5739.03.

Appellant contends that "exemption certificates obtained pursuant to R. C. 5739.03 must be maintained by the vendor in

order to justify its failure to collect tax on sales. When exemption certificates have not been maintained, the vendor must, within the sixty days allowed by R. C. 5739.03, establish that the sale was not subject to the tax." The basis for this position is appellant's common-sense notion that "an exemption certificate serves no purpose if it is not maintained and made available to justify the vendor's failure to collect that tax." In other words, an exemption certificate that cannot be produced for audit has not been "obtained" pursuant to R. C. 5739.03.

According to appellee, however, the aforestated view stretches the meaning of R. C. 5739.03 because "[t]his statute does not include 'maintenance' or 'availability' of the exemption certificate as triggers for the presumption [of taxability]. The presumption established in this section is only triggered when the vendor has failed timely to obtain the certificate." Appellee argues that timely *receipt* of an exemption certificate is the equivalent of statutory *obtainment* thereof and that the 60-day provision is inapplicable because "the presumption in R. C. 5739.03 does not arise irrespective of whether the certificate was available to display to the Commissioner's agents." We disagree.

The essential purpose of exemption certificates is to provide evidence of non-taxability. If certificates cannot be made available during an audit in furtherance of their evidentiary function, then, as a practical matter, it is irrelevant whether a taxpayer possessed certificates at any time prior to the audit.[4] Appellee's theory erroneously treats the certificates of exemption as ends in themselves, whereas under the statute, exemption certificates represent one of two approved means to the particular end of establishing a tax exemption.

The Court of Appeals misconstrued R. C. 5739.03 by framing the issue in terms of whether the evidence indicated that the certificates had ever been present. The court should have looked to whether the certificates had served their

---

[4] Appellee would rely on *Jones* v. *Glander* (1948), 150 Ohio St. 192, for the proposition that a vendor may offer parol evidence in a sales-tax-assessment proceeding. *Jones*, however, was decided under former G. C. 5546-12 which did "not provide for the keeping of records of sales *exempted from taxation* * * *." (Emphasis *sic.*) *Id.* at page 196. R. C. 5739.11 clearly requires a vendor to record tax-exempt transactions and, therefore, *Jones* is inapposite to the case at bar and appellee's reliance thereon is misplaced.

statutory purpose, which because of their unavailability they had not. Is it our view that non-functional certificates of exemption, such as those destroyed by appellee's clerks for which no acceptable copies were available, have not been "obtained" under R. C. 5739.03.[5]

This conclusion is mitigated by the fact that R. C. 5739.03 affords the taxpayer a 60-day grace period in which to establish non-taxability by "letters of usage" or otherwise.[6] The Court of Appeals did not misstate the law when it concluded that R. C. 5739.03 "does not require that the vendor must maintain the certificate against any contingencies and at its peril" because a vendor does have recourse to a statutorily approved procedural alternative by which to establish non-taxability. The Court of Appeals erred, however, in not enforcing the 60-day rule, with which appellee concededly did not comply. As we stated in *American Handling Equipment Co.* v. *Kosydar* (1975), 42 Ohio St. 2d 150, at page 153:

"The duty imposed upon a taxpayer who neglects to obtain exemption certificates is clear; 60 days is provided, from the notice of intention to levy an assessment, to overcome the presumption that the tax applies." See, also, *Union Metal Mfg. Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 53; *Dayton Sash & Door Co.* v. *Kosydar* (1973), 36 Ohio St. 2d 120.

Having determined that the Court of Appeals committed reversible error by misconstruing R. C. 5739.03, we find it unnecessary to pass on appellant's second proposition of law regarding the proper standard of judicial review applicable to appeals taken from BTA orders pursuant to R. C. 5717.04.

For the reasons hereinbefore stated the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY and LOCHER, JJ., concur.

---

[5] Obtaining a valid certificate pursuant to R. C. 5739.03 as construed herein is separate and distinct from the record keeping duties imposed by R. C. 5739.11 and Ohio Adm. Code 5703-9-02.

[6] See *Union Metal Mfg. Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 53, at page 56, fn. 3.

HOLMES, C. BROWN and KRUPANSKY, JJ., concur in the judgment.

HOLMES, J., concurring in judgment.

In this case the majority arrives at the correct conclusion, even though in so doing it traveled the wrong path and applied an unreasonable interpretation of the statute at issue.

It is my view that the Court of Appeals correctly interpreted R. C. 5739.03, but incorrectly applied its appellate review jurisdiction of the decision of the Board of Tax Appeals.

The Court of Appeals, in my view, applied a reasonable interpretation to R. C. 5739.03. That court held, and I agree, that the presumption established by the section is that the sales of the taxpayer are presumed to be taxable if the certificates of exemption are not obtained as required or letters of usage procured after the 60-day letter. The section requires the vendor to obtain the necessary certificates; it does not require that the vendor must maintain the specific certificates against any contingencies at its peril.

The obvious intent of the section is that there is proof that the state will be assured it will receive the appropriate tax. As stated, the presumption of taxability arises in the absence of the physical presence of the certificates or letters of usage, but certainly it is the reasonable intent of the statute that such presumption may be rebutted and overcome by probative evidence of the original issuance of such certificates.

It is readily apparent that the Board of Tax Appeals followed just such a reasonable interpretation and application of this section. The board, in its review, correctly proceeded upon the basis that the burden of maintaining the required records for examination by the tax agents or timely obtaining letters of usage rests with the taxpayer; in the absence of such proof, the presumption of the taxable nature of the transaction arises. That the presumption may be rebutted by evidence adduced was shown to be acceptable practice under the applicable law by the board, in that it proceeded to review all the evidence presented by the taxpayer in support of its claim that the appropriate tax exemption forms had been

filed. The board's opinion accordingly reviewed the evidence, as follows:

" * * * Appellant's Treasurer, Mr. Shankel, testified that he heard the employees give this explanation to the tax agent. What specific exemption certificates were involved, what particular customers were involved, and what dates or transactions might have been involved was not established.

"While Mr. Shankel testified that upon his review of the files he found many certificates dated January 1, 1976, he was not personally involved maintaining the files and did not personally know what particular certificates were on file during the assessment period. Although Appellant had apparently maintained a customer card file indicating 'exempt, not exempt, taxable, not taxable' status, such cards were not dated or indicated when such card had been added to the file. Such customer card file was not made available for examination at the hearing nor introduced into evidence. Mr. Shankel had no personal knowledge of any preexisting exemption certificate specifically obtained from Ashland Oil, Inc., or that such an exemption certificate had in fact been one of those discarded by Appellant's clerks.

"In support of Appellant's claim that it had previously obtained and maintained an exemption certificate from Ashland Oil, Inc., prior to January 1, 1976, Appellant offered the deposition of Mr. Booten, Manager of Excise Taxes for Ashland Oil, Inc. Mr. Booten, testified that he could not specifically recall issuing an exemption certificate to this particular Appellant for a period prior to 1976 covering the years 1973, 1974 and 1975.

" * * *

"Mr. Booten testified, in effect, that Ashland's records did not contain a copy of an exemption certificate issued during the period from 1973 through 1975, that the fact that Canton Structural Steel did not charge Ashland sales tax was enough proof to him to say that Ashland did issue or should have issued an exemption certificate. He had no personal knowledge as to whether such an exemption certificate had in fact been issued pertaining to the period here in question.

"While the record considered as a whole indicates a liklihood [sic] that Ashland Oil, Inc., may have issued an exemp-

tion certificate to the Appellant pertaining to its purchases here involved, the fact remains that Appellant has failed to establish if and when such an exemption certificate may have been issued that would be applicable to the specific sales transactions here involved. The evidence adduced is primarily of a speculative nature based upon primarily hearsay information. * * * "

The Board of Tax Appeals, after reviewing the totality of the evidence presented on behalf of the taxpayer, concluded that, "the maintenance of adequate documentation, as specified by law, rather than reliance upon the testimony of the taxpayer or taxpayer's personnel, is required. Appellant's [taxpayer's] evidence fails to meet Appellant's burden of proof in this instance." This was a finding by the board as the trier of the facts that the taxpayer had not, based upon the facts presented, overcome the statutory presumption.

The finding of the Board of Tax Appeals, based upon the evidence adduced, was a proper exercise of its judgment, and a Court of Appeals exceeds the scope of its review by substituting its judgment for that of the Board of Tax Appeals. As this court expressed in *PPG Industries* v. *Kosydar* (1981), 65 Ohio St. 2d 80, at page 81:

"R. C. 5717.04 limits the revisory jurisdiction of the Court of Appeals to determining whether the decision of the Board of Tax Appeals was reasonable and lawful. *Wheeling Steel Corp.* v. *Evatt* (1944), 143 Ohio St. 71, 77."

Accordingly, the issue before the Court of Appeals here was not whether that court believed certain testimony or evidence, but rather whether given such evidence, the Board of Tax Appeals could reasonably have made its determination of the facts.

The Court of Appeals, rather than applying the proper standard of review, substituted its own judgment for that of the Board of Tax Appeals which had properly rejected certain testimony as being unreliable hearsay and speculation. Doing such, the Court of Appeals exceeded its review authority and, therefore, its decision was error and should be reversed.

C. BROWN and KRUPANSKY, JJ., concur in the foregoing concurring opinion.