**CUYAHOGA METROPOLITAN HOUSING AUTHORITY, Appellee,**

v.

**CITY OF CLEVELAND, Appellant.**

[Cite as *Cuyahoga Metro. Housing Auth. v. Cleveland* (1989), 63 Ohio App.3d 353.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55544.

Decided June 26, 1989.

*Fred Livingstone, Stephen M. O'Bryan* and *Robert J. Hill,* for appellee.

*Marilyn G. Zack,* Director of Law, *James P. Mancino* and *Dennis A. Matejka,* Assistant Directors of Law, for appellant.

ANN McMANAMON, Chief Justice.

Cuyahoga Metropolitan Housing Authority ("CMHA") filed an action for declaratory judgment to enjoin the city of Cleveland ("the city") from attempting to collect fees for building permits, inspections, licenses and certificates from CMHA. These proposed levies stemmed from the construction, maintenance, and operation of various public housing projects. The court of common pleas granted CMHA's motion for summary judgment, holding that, while the city "may inspect housing projects being constructed, maintained, or operated by CMHA," it may not impose upon CMHA any fees relative to any inspections otherwise authorized by law.

The city appeals, raising one assignment of error.[1] It contends the trial court erred in holding that R.C. 3781.102(C), as enacted in 1984, did not authorize the city to collect such fees from CMHA. We disagree and affirm the judgment of the trial court.

As a political subdivision of the state of Ohio, CMHA is not subject to the imposition of fees, which would, in essence, subject it to regulation by a municipality, absent express authorization by the General Assembly. *Niehaus v. State, ex rel. Board* (1924), 111 Ohio St. 47, 144 N.E. 433; *East Cleveland v. Bd. of Cty. Commrs.* (1982), 69 Ohio St.2d 23, 23 O.O.3d 46, 430 N.E.2d 456; *Canton Structural Steel Co. v. Lindley* (1982), 69 Ohio St.2d 33,

---

1. Appellant's assignment of error is:

"The trial court erred in holding that the City of Cleveland may not impose upon Cuyahoga Metropolitan Housing Authority inspection fees which are otherwise authorized by law."

23 O.O.3d 52, 430 N.E.2d 463. On April 20, 1987 when this complaint was filed, R.C. 3781.102 stated in pertinent part:

"(C) The political subdivision associated with each municipal, township, and county building department certified by the board of building standards pursuant to division (E) of section 3781.10 of the Revised Code may prescribe fees for the acceptance and approval of plans and specifications, and for the making of inspections, pursuant to sections 3781.03 and 3791.04 of the Revised Code." 140 Ohio Laws, Part II, 3397, 3403.

R.C. 3781.03 and 3791.04, respectively, allow municipal building departments to enforce health and safety standards and require the submission of plans and construction data to municipal building departments for approval. The city posits that, when these three statutes are read together with R.C. 3735.44, which applies the sanitary laws of any political subdivision to housing projects, it is apparent the city has authority to charge CMHA such fees. A review of the applicable statutes fails to disclose any language expressly authorizing a political subdivision to charge such fees.

We note that the legislature has seen fit to permit levy of such fees in certain circumstances. R.C. 3791.07 allows establishment by the state Board of Building Standards inspection fees relating to all plans and specifications submitted for approval to the division of workshops and factories. See *East Cleveland, supra.*

Effective December 14, 1988, R.C. 3781.102(C) permits municipalities to " * * * prescribe fees to be paid by persons [and] political subdivisions * * * for the acceptance and approval of plans and specifications, and for the making of inspections, pursuant to sections 3781.03 and 3791.04 of the Revised Code." 142 Ohio Laws, Part I, 1321, 1416. No equivalent language is to be found in the statute applicable before 1988 and cited by the city to support authorization to collect fees.

The city argues that, even if no such express authorization were given at the time in question, it was the intent of the General Assembly in 1984, when it enacted R.C. 3781.102(C), that political subdivisions be subject to these fees. In support of its position, the city points to a fact sheet prepared by the Legislative Service Commission explaining the changes proposed in the 1984 version of R.C. 3781.102(C). Such reports, however, may not be used to give meaning to a legislative enactment other than that which is clearly expressed by the General Assembly. *Cleveland Trust Co. v. Eaton* (1970), 21 Ohio St.2d 129, 138, 50 O.O.2d 354, 359, 256 N.E.2d 198, 203. There is no such clear expression of intent to make these fees applicable to political subdivisions in the 1984 version of this statute. Absent such express authorization

this court will not presume the state delegated this power to the municipality at that time. Cf. *State, ex rel. Elias, v. Blakemore* (1927), 116 Ohio St. 650, 157 N.E. 330.

Accordingly, the city's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

NAHRA and JOHN F. CORRIGAN, JJ., concur.